Shaw, C. J.
This was an action of assumpsit, brought to recover the sum of five hundred dollars, being the amount set against the name of the defendant, upon the following agreement, subscribed by him, together with nine other proprietors of real estate in the vicinity of Milk and Water streets, in Boston : — “ A proposition for widening Devonshire street, provided a portion of the expense thereof shall be contributed by private subscription, having been made to the undersigned, they hereby engage to pay into the treasury of the city of Boston, the sums opposite their respective names, within sixty days after the proposed improvement shall be completed. The conditions of this obligation are, that the city of Boston shall cause the said Devonshire street, between Milk and Water streets, to be widened, by cutting off all the estates on the easterly side thereof, and leaving that portion of said street twenty-four feet in width at its narrowest point.”
It appeared at the trial, in the court of common pleas, that, in pursuance of votes of the board of mayor and aldermen of the city, and with authority derived therefrom and from deeds of the proprietors of the estates cut off, the street was duly widened as proposed; but the defence is, that the second story of a certain building, on the easterly side of Devonshire street was allowed to project, at one angle, a certain distance, —less than one foot, — beyond and over the line of the lower story of the same building.
*375 It turned out, indeed, upon inspection of the proper records, that the city, by its regularly constituted authorities, the board of mayor and aldermen, did all that was required by law to be done, to make and complete a street, having all the characteristics and qualities of a public highway 24 feet wide, and so legally complied with the condition which would entitle the city to payment from the subscribers to this agreement.
But the complaint is, not that the street was not widened at its surface, but that a certain projection was suffered to exist, at some distance above the sidewalk, which amounted to a nuisance. Whether this slight projection of a few inches from an upper story was a nuisance or not, it did not prevent the street from being a highway 24 feet wide, with all the incidents and privileges of such a highway; any evidence, therefore, offered to prove it a nuisance, was irrelevant and rightly rejected. It is said that the mayor and aldermen are by law surveyors of highways in the city, and that it was their duty to abate the nuisance. That may be so, but still the city, as a corporation, has done all which it was required to do by the agreement in question.' It has acquired not only the use, or perpetual easement, which the public has in land, taken for a highway, but, in the first case, it has a title in fee by a deed of conveyance to the city, of all the land necessary to a street 24 feet wide. It has the right to keep the way open usque ad caelum. But if the surveyors of highways have seen fit to allow any special and temporary accommodation to any proprietor of a building on the street, that does not defeat the rights of the city. It is like their allowing the eaves of a building to project, or the door-steps of a dwelling, or other like fixture, beyond the line of the street, where no actual inconvenience to the public arises therefrom. It is not essential to the widening of a street that all projections should be immediately removed from the buildings on its sides.
We think, therefore, that the city has performed the stipulations on its part to be performed, according to its agreement, and is entitled to recover of the defendant.
The exceptions are overruled, and judgment will be entered for' the plaintiff on the verdict.

Exceptions overruled.